

NUMBER 13-10-00069-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THERESA LOPEZ,                                                 **Appellant,**

**v.**

THE STATE OF TEXAS,                                           **Appellee.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Garza**
**Memorandum Opinion by Justice Yañez**

A jury convicted appellant, Theresa Lopez, of driving while intoxicated ("DWI"), a class B misdemeanor.[1] The trial court sentenced her to ninety days' confinement in the Nueces County Jail, suspended the sentence, and placed her on community supervision

---

[1] *See* TEX. PENAL CODE ANN. § 49.04(a), (b) (Vernon 2003).

for one year.[2]  By a single issue, appellant challenges the legal and factual sufficiency of the evidence to support her conviction.  We affirm.

## I.  The Evidence

At trial, the State presented the testimony of two Corpus Christi police officers, Officer Jonathon McGinley and Officer Daniel Sotello.[3]  Officer McGinley testified that around 11:00 p.m., during a heavy rain, he observed a vehicle, later determined to be driven by appellant, approaching a red light "fairly fast for the weather conditions."  The vehicle "rear-ended" a vehicle stopped at the light, and the impact was sufficient to cause the second  vehicle to "rear-end" a third vehicle.  After determining that there were no injuries,  McGinley asked appellant and her passenger to exit the vehicle.  McGinley testified that appellant and her passenger both smelled of alcohol and had slurred speech. McGinley noticed appellant also had an unsteady stance.  McGinley asked if appellant had been drinking; she responded that she had "a couple of drinks."  Because McGinley believed appellant was intoxicated, he requested assistance from a "blue unit," which specializes in investigating potential DWIs.  McGinley testified that based on his observations, appellant did not have normal use of her physical and mental faculties.

Officer Sotello testified that he arrived at the scene approximately twenty minutes after the accident.  Upon approaching appellant, he noticed that she used the door for assistance in exiting the vehicle, had bloodshot eyes, slightly slurred speech, a slight odor of alcohol on her breath, and had apparently urinated on herself.  Officer Sotello testified that he performed three field sobriety tests on appellant, all of which she failed.  Officer

---

[2] *See id.* § 12.22 (Vernon 2003).

[3] Appellant did not present any witnesses.

Sotello stated that in his opinion, appellant was intoxicated and he arrested her. Officer Sotello transported appellant to the City Detention Center ("CDC") and advised appellant that she was being videotaped.[4] Officer Sotello stated that he provided appellant with a "DIC-24" statutory warning; appellant refused to provide either a breath or blood sample.[5] When the prosecutor asked Officer Sotello if appellant had normal use of her physical and mental faculties, he responded, "[y]es." Later, on redirect examination, Officer Sotello testified that appellant did *not* have the normal use of her physical and mental faculties. After appellant was taken to the CDC, Officer Sotello transported her to the hospital, where she was "cleared medically." She was then taken back to the CDC.

## II. Standard of Review and Applicable Law

In reviewing the legal sufficiency of the evidence, an appellate court must review all the evidence in the light most favorable to the verdict, and ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"[6] The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony.[7] We do not reevaluate the weight and

---

[4] The videotape of appellant at the CDC is not included in the appellate record.

[5] A person's refusal of a request by an officer to submit to the taking of a specimen of breath may be introduced into evidence at the person's trial. TEX. TRANSP. CODE ANN. § 724.061 (Vernon 1999). Before requesting that a person submit to the taking of a specimen, however, the officer must provide the person with certain information orally and in writing, including that the refusal may be admissible in a subsequent prosecution. *Id.* § 724.015 (Vernon Supp. 2009). The DIC-24 Form contains the information the statute requires to be given in writing.

[6] *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Jackson*, 443 U.S. at 318-19; *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

credibility of the evidence, and we do not substitute our own judgment for that of the trier of fact.[8]  We resolve any inconsistencies in the evidence in favor of the judgment.[9]

In conducting a factual sufficiency review, a court of appeals reviews the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the evidence.[10]  Unless the record clearly reveals that a different result is appropriate, we must defer to the fact-finder's determination concerning the weight to be given to contradictory testimony.[11]

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge.[12]  "'Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'"[13]

Section 49.04 of the penal code provides that a person commits the offense of driving while intoxicated if that person is intoxicated while operating a motor vehicle in a public place.[14]  Intoxication means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol," or "having an alcohol concentration of

---

[8] *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); *Beckham*, 29 S.W.3d at 151.

[9] *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

[10] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

[11] *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

[12] *Grotti v. State*, 273 S.W.3d 273, 280-81 (Tex. Crim. App. 2008); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

[13] *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

[14] TEX. PENAL CODE ANN. § 49.04; *Perales v. State*, 117 S.W.3d 434, 440 (Tex. App.–Corpus Christi 2003, pet. ref'd).

0.08 or more."[15]

## III. Discussion

Here, appellant challenges only the element of intoxication. Specifically, appellant contends: (1) there was no breath or blood test to show an alcohol concentration of 0.08 or more; and (2) both officers testified that they either could not tell if appellant had lost the normal use of her mental or physical faculties, or that she had the normal use of such faculties. Appellant specifically notes Officer Sotello's testimony that appellant *did* have normal use of her mental and physical faculties.

We disagree. Appellant ignores Officer Sotello's testimony on re-direct examination that appellant did *not* have the normal use of her physical and mental faculties. Although we recognize that Officer Sotello provided conflicting testimony, the jury was best situated to resolve the conflict.[16] "The uncorroborated testimony of an experienced arresting officer is sufficient to prove the element of intoxication."[17]

Here, the record shows that Officer Sotello was an experienced officer; he had been an officer with the Corpus Christi Police Department for three years and had received specific training relating to DWI arrests. Based on his observations and the results of the field sobriety tests he conducted, Sotello concluded that appellant was intoxicated. Appellant's refusal to take a blood-alcohol test is also relevant as evidence of intoxication.[18]

---

[15] TEX. PENAL CODE ANN. § 49.01(2)(A), (B) (Vernon 2003).

[16] *See Beckham*, 29 S.W.3d at 151-52 (holding that conflicts in testimony "do not destroy the sufficiency of the evidence" and that it is the exclusive duty of the jury to resolve contradicting evidence and testimony).

[17] *Conger v. State*, No. 03-07-278-CR, 2008 Tex. App. LEXIS 5815, at *11 (Tex. App.–Austin Aug. 1, 2008, no pet.) (mem. op., not designated for publication) (citing *Annis v. State*, 578 S.W.2d 406, 407 (Tex. Crim. App. 1979); *Dumas v. State*, 812 S.W.2d 611, 615 (Tex. App.–Dallas 1991, pet. ref'd)); *see also Perales*, 117 S.W.3d at 441.

[18] *See Griffith v. State*, 55 S.W.3d 598, 601 (Tex. Crim. App. 2001).

5

Viewing the evidence in the light most favorable to the verdict, a rational jury could have found that appellant was driving while intoxicated.[19] We therefore conclude the evidence is legally sufficient to sustain appellant's conviction.[20] Further, reviewing the evidence in a neutral light, we cannot say that the evidence is so weak that the jury's verdict is clearly wrong and manifestly unjust or against the great weight and preponderance of the evidence.[21] Accordingly, we conclude that the evidence is factually sufficient.[22]

### IV. Conclusion

We overrule appellant's issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
27th day of August, 2010.

---

[19] *See Jackson*, 443 U.S. at 318-19; *Laster*, 275 S.W.3d at 517.

[20] *See Jackson*, 443 U.S. at 318-19; *Laster*, 275 S.W.3d at 517.

[21] *See Neal*, 256 S.W.3d at 275; *see also Watson*, 204 S.W.3d at 414-15.

[22] *See Neal*, 256 S.W.3d at 275; *see also Watson*, 204 S.W.3d at 414-15.